**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO PICAZO, DBA Salinas Farms, | No. 24-2089 |
| Plaintiff - Appellant, | D.C. No. 5:23-cv-02735-SVK |
| v. | |
| APTOS BERRY FARMS, INC.; DRISCOLL'S, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding

Argued and Submitted April 10, 2025
San Francisco, California

Before: S. R. THOMAS, PAEZ, and MILLER, Circuit Judges.

Ricardo Picazo ("Picazo") appeals the district court's dismissal of his claims

against Aptos Berry Farms ("Aptos") and Driscoll's, Inc. ("Driscoll's") under

§ 499b(4) of the Perishable Agricultural Commodities Act ("PACA"). *See* 7

U.S.C. § 499b(4). Because the parties are familiar with the factual and procedural

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

history of the case, we need not recount it here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

"We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim." *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022). To avoid dismissal, the plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

1. Picazo cannot assert a PACA claim against Aptos because Aptos does not meet the definition of a commission merchant, dealer, or broker. *See* 7 U.S.C. § 499a(b)(5)–(7). Picazo has not plausibly alleged facts supporting his assertion that Aptos markets and sells perishable agricultural commodities. Picazo also has not alleged that Aptos receives perishable agricultural commodities on behalf of Driscoll's. *See* 7 U.S.C. § 499a(b)(5).

2. Picazo has not plausibly alleged that Aptos acted as an agent of Driscoll's when Aptos contracted with Picazo to grow strawberries or when transacting with Picazo. While some of Picazo's factual allegations suggest a possible agency relationship, they are insufficient to plausibly allege that Aptos acted within the

2

scope of its authority as an agent when transacting with Picazo. We do not credit

Picazo's "[t]hreadbare recitals" of an agency relationship. *Iqbal*, 556 U.S. at 678.

3. Picazo cannot assert a PACA claim against Driscoll's because Picazo did

not transact with Driscoll's. Section 499b(4) makes the failure to account or pay

promptly unlawful in regards to only "the person with whom such transaction is

had." 7 U.S.C. § 499b(4). PACA liability thus extends only to the parties to a

transaction. *See Iwata v. W. Fruit Growers*, 90 F.2d 575, 577 (9th Cir. 1937).

Driscoll's was not a party to Picazo's written contract with Aptos to grow

strawberries.[1] The contract states that Driscoll's is instead a third-party

---

[1]     Picazo and Aptos first entered into an oral contract, which was later superseded by a written contract. Because the written contract contains an integration clause and Picazo does not allege facts indicating the parties did not intend the written contract to be final and complete, the written contract is the controlling contract here. *See Grey v. Am. Mgmt. Servs.*, 139 Cal. Rptr. 3d 210, 213 (Ct. App. 2012) (holding that "[t]he existence of an integration clause is a key factor in divining" whether the parties "intended the contract to be a final and complete expression of their agreement"); *see also Casa Herrera, Inc. v. Beydoun*, 83 P.3d 497, 502 (Cal. 2004) (explaining that the terms of a final and complete agreement are controlling such that evidence of the terms of a prior oral contract "is legally irrelevant and cannot support a judgment" (citation omitted)).

We do not consider Picazo's claim that federal law preempts the terms of the written contract because Picazo did not raise this argument before the district court. *Momox-Caselis v. Donohue*, 987 F.3d 835, 841 (9th Cir. 2021) ("Generally, we do not consider arguments raised for the first time on appeal.").

Additionally, Picazo's allegation that he had to sign the contract to continue to receive sales proceeds from the strawberries does not rise to the level of economic duress. *See Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 469 (9th Cir.

(continued...)

3

beneficiary. *See Hom v. Petrou*, 282 Cal. Rptr. 3d 209, 217 (Ct. App. 2021) ("[B]y definition, a third party beneficiary is not a party to the agreement . . . .").

Additionally, Picazo has not plausibly alleged that Driscoll's participated in a "[j]oint account transaction" with Picazo and Aptos. 7 C.F.R. § 46.2(s). Parties to a joint account transaction must participate in a "limited joint venture arrangement whereby they agree to share in a prescribed manner the costs, profits, or losses resulting from such transaction." *Id.* Here, the evidence indicates that the parties did not intend to enter into a joint venture. The written contract contains a "No Joint Venture" clause stating that the contract "does not create a joint venture or a partnership." And the parties did not share a joint interest in the strawberries or have mutual control over the enterprise, which are hallmarks of a joint venture. *See Shell Oil Co. v. Prestidge*, 249 F.2d 413, 415–16 (9th Cir. 1957). Driscoll's maintained title to the strawberries, and controlled the use of its patent as well the packaging, distribution and sale of the strawberries, while Picazo and Aptos had only a limited right to grow the strawberries. Thus, Picazo has not plausibly alleged that Picazo, Aptos, and Driscoll's formed a limited joint venture

---

[1](...continued)
1987) (defining economic duress as occurring when a "wrongful act, such as a threat to withhold payment," causes a person to "succumb to the demands of the wrongdoer or else suffer financial ruin").

and entered into a "[j]oint account transaction." 7 C.F.R. § 46.2(s). There is no other basis to find that Picazo transacted with Driscoll's, so Picazo cannot assert a PACA claim against Driscoll's.

**AFFIRMED.**[2]

---

[2]     Picazo's motion for judicial notice, Dkt. 10, is denied as unnecessary for the disposition of this case.